**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

WILLIAM DINDER and KRISTEN DINDER,

Plaintiffs,

v.

STEWART INDUSTRIES, LLC, NESTLÉ
PURINA PETCARE COMPANY d/b/a and/or
NESTLÉ FOOD COMPANY, and JOHN
BEAN TECHNOLOGIES CORPORATION,

Defendant.

No. _____

### NOTICE OF REMOVAL

Defendant, John Bean Technologies Corporation ("JBT"), by and through its undersigned counsel, hereby removes the case captioned *William Dinder and Kristen Dinder v. Stewart Industries, LLC, Nestlé Purina Petcare Company d/b/a, and/or Nestlé Food Company, and John Bean Technologies Corporation*, Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 140603019, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1332(a)(1), and in support thereof states as follows:

### INTRODUCTION

1.      William Dinder ("William") and Kristen Dinder ("Kristen") (collectively, "Plaintiffs") filed a Complaint-Civil Action (the "Complaint") in the Court of Common Pleas of Philadelphia County, Pennsylvania, on June 20, 2014, a copy of which was subsequently served on JBT on June 27, 2014. A copy of the Complaint is attached as Exhibit 1.

2.      The Complaint alleges that on or about July 23, 2012, while in the course and scope of his employment as an ironworker on a construction project at 2050 Pope Road, Allentown, Pennsylvania, William sustained personal injuries when he descended an A-frame ladder and caught his leg on a tie wire. *See* Ex. 1 at ¶¶6-15. The Complaint alleges William

suffered traumatic brain injury and a concussion, injuries to his right knee and back, and nerve damage. *Id.* at ¶20. Kristen, who is alleged to be William's wife, seeks recovery for loss of consortium. *Id.* at ¶¶39-41.

3.      The Complaint is styled in four counts as follows: (I) "Negligence – William Dinder v. Stewart Industries, LLC"; (II) "Negligence – William Dinder v. Nestlé Purina Petcare Company"; (III) "Negligence – William Dinder v. John Bean Technologies Corporation"; and (VIII) [sic] "Loss of Consortium – Kristen Dinder v. All Defendants." *See* Ex. 1.

4.      Plaintiffs allege they reside in Allentown, Pennsylvania. *See* Ex. 1 at ¶1.

5.      JBT is a Delaware corporation that maintains its principal place of business and corporate headquarters in Chicago, Illinois. *See* Ex. 1 at ¶4. Accordingly, JBT is a citizen of Delaware and Illinois and no other state.

6.      With regard to Defendant Stewart Industries, LLC ("Stewart Industries"), on information and belief, it appears they were named in error.  Regardless, as alleged by Plaintiffs, Stewart Industries is a "corporation organized and existing under and by virtue of the laws of the State of Michigan" with an address of "Stewart Industries, LLC, 150 McQuiston Drive, Battle Creek, Michigan 49037." *See* Ex. 1 at ¶2 and p. 1. As such, Stewart Industries is a citizen of Michigan and no other state.

7.      Stewart Industrial Maintenance, LLC ("SIM") is, on information and belief, the party Plaintiffs apparently intended to sue in their Complaint and who they served. SIM is a Kentucky corporation that maintains a principal place of business in Owensboro, Kentucky along with its members.  As such, SIM is a citizen of Kentucky and no other state.

8.      Defendant Nestlé Purina Petcare Company d/b/a and/or Nestlé Food Company ("Nestlé") is a Missouri corporation that maintains its principal place of business and corporate

headquarters in St. Louis, Missouri. Accordingly, Nestlé is a citizen of Missouri and no other state.

9.      The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

## JURISDICTION

10.      Based on the foregoing, this District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs are citizens of Pennsylvania, JBT is a citizen of Delaware and Illinois, Stewart Industries is a citizen of Michigan (and SIM is a citizen of Kentucky), and Nestlé is a citizen of Missouri. Complete diversity exists under 28 U.S.C. § 1332(a)(1). Furthermore, the amount-in-controversy requirement is met. For these reasons, the action is removable to this District Court by virtue of the provisions of 28 U.S.C. § 1441(a).

11.      Removal to this District Court is proper pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the Court of Common Pleas of Philadelphia County, Pennsylvania. *See* 28 U.S.C. § 1441(a) (stating that a civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending.).

## TIMING OF REMOVAL

12.      JBT was served with the summons and Complaint by certified mail on June 27, 2014. Removal is timely because JBT filed this Notice of Removal "within thirty days after receipt by the defendant[s] . . . of a copy of the initial pleading . . . ." *See* 28 U.S.C. § 1446(b)

13.     SIM and Nestlé, the only other parties known to have been served, have consented to the removal of this action pursuant to 1446(b)(2)(A).  *See* Exhibits 2 and 3, respectively.

14.     A copy of this Notice of Removal is being filed with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, John Bean Technologies Corporation, respectfully requests that this action be removed, without waiver of procedural or substantive defenses, from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania for all purposes.

KAPLIN STEWART MELOFF REITER & STEIN, PC

JOSHUA C. QUINTER, ESQUIRE
Union Meeting Corporate Center
910 Harvest Drive
PO Box 3037
Blue Bell, PA 19422
610-941-2521

Attorneys for Defendant
John Bean Technologies Corporation

Dated: July 25, 2014

4

# EXHIBIT 1

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JUNE 2014

E-Filing Number: 1406040003

003019

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| WILLIAM DINDER | STEWART INDUSTRIES, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 4208 CREEK ROAD ALLENTOWN PA 18104 | 150 MCQUISTON DRIVE BATTLE CREEK MI 49037 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KRISTEN DINDER | NESTLE PURINA PETCARE COMPANY, ALIAS: NESTLE FOOD COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 4208 CREEK ROAD ALLENTOWN PA 18104 | 2050 POPE ROAD ALLENTOWN PA 18104 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JOHN BEAN TECHNOLOGIES CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 70 WEST MADISON STREET SUITE 4400 CHICAGO IL 60602 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 2 | 3 | [X] Complaint [ ] Writ of Summons | [ ] Petition Action [ ] Transfer From Other Jurisdictions | [ ] Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less [X] More than $50,000.00 | [ ] Arbitration [X] Jury [ ] Non-Jury [ ] Other: | [ ] Mass Tort [ ] Savings Action [ ] Petition | [ ] Commerce [ ] Minor Court Appeal [ ] Statutory Appeals | [ ] Settlement [ ] Minors [ ] W/D/Survival |

**CASE TYPE AND CODE**

20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY<br><br>JUN 20 2014<br><br>K. EDWARDS | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES        NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>WILLIAM DINDER , KRISTEN DINDER</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| LARRY E. BENDESKY | ONE LIBERTY PLACE 1650 MARKET STREET 52ND FLOOR PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)575-2952 | (215)496-0999 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 51026 | lbendesky@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *LARRY BENDESKY* | Friday, June 20, 2014, 03:37 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
BY: LARRY BENDESKY/ADAM J. PANTANO/ ROBERT
W. ZIMMERMAN
IDENTIFICATION NO.:  51026/85261/208410
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA  19103
(215) 496-8282

ATTORNEY FOR PLAINTIFF

**WILLIAM DINDER and KRISTEN
DINDER, h/w**
4208 Creek Road
Allentown, PA 18104

Plaintiffs
    vs.

**STEWART INDUSTRIES, LLC**
150 McQuiston Drive
Battle Creek, MI 49037
And

**NESTLÉ PURINA PETCARE COMPANY,
d/b/a and/or NESTLÉ FOOD COMPANY**
2050 Pope Road
Allentown, PA 18104
And

**JOHN BEAN TECHNOLOGIES
CORPORATION**
70 West Madison Street, Suite 4400
Chicago, IL 60602

Defendants

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
LAW DIVISION

TERM, 2014

No.

**JURY TRIAL DEMANDED**

## COMPLAINT – CIVIL ACTION

"NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A

"AVISO

"Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta  demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS

Case ID: 140603019

| REDUCED FEE OR NO FEE.<br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701" | QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O<br>NINGUN HONORARIO.<br>ASSOCIACION DE LICENCIADOS DE FILADELFIA<br>SERVICIO DE REFERENCA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-1701" |
| --- | --- |

1.    Plaintiffs William and Kristen Dinder are adult individuals residing at the above captioned address.

2.    Defendant Stewart Industries, LLC ("Stewart"), is a corporation organized and existing under and by virtue of the laws of the State of Michigan, in which, at all relevant times herein, engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis with a place of business at the above captioned address.

3.    Defendant Nestlé Purina Petcare Company, d/b/a and/or Nestlé Food Company ("Nestlé"), is a corporation organized and existing under and by virtue of the laws of the State of Missouri, in which, at all relevant times herein, engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis with a place of business at the above captioned address.

4.    Defendant John Bean Technologies Corporation ("JBT"), is a corporation organized and existing under and by virtue of the laws of the State of Illinois, in which, at all relevant times herein, engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis with a place of business at the above captioned address.

5.    At all relevant times, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment with Defendants.

Case ID: 140603019

6.      On or about July 23, 2012, plaintiff, William Dinder, was an ironworker working at a construction project at 2050 Pope Road, Allentown, PA 18104 (hereinafter referred to as the "Project").

7.      At all relevant times hereto Nestlé owned the building where the Project commenced, and established safety plans and conducted safety training for contractors performing work at the facility.

8.      Defendants Stewart and JBT performed work at the project, and at all times were responsible for inspection and supervision of the work.

9.      On the Project, Plaintiff was required to perform work on a boiler at the facility.

10.     To reach the boiler, Plaintiff was required to ascend and descend a ladder.

11.     The subject ladder was not placed, set, or secured by Plaintiff.

12.      The subject ladder was placed, set, and/or secured by Defendants.

13.     At all relevant times, Defendants were responsible for ensuring that the tools and materials being used at the Project complied with all Federal and State safety regulations, including but not limited to OSHA regulations.

14.     At all relevant times, Defendants were responsible for ensuring that hazards on the project were identified and corrected prior to worker injuries.

15.     On the date and place aforesaid, while properly and lawfully working within the course and scope of his employment, plaintiff sustained permanent and serious personal injuries when he descended an A frame ladder and caught his leg on a tie wire, due to the negligence, carelessness or other liability producing conduct of the defendants.

16.     The A frame ladder was improperly used as an extension type ladder at the time of the accident.

17.     The A frame ladder's placement was non-compliant with OSHA

Case ID: 140603019

18.     The exposed tie wire created a tripping hazard for those workers ascending and descending the ladder.

19.     The aforesaid accident was in no manner whatsoever caused by any act or failure to act on the part of Plaintiff, but was caused solely and exclusively by the negligence and carelessness of the Defendants.

20.     Solely and as a direct result of the carelessness, negligence and other liability producing conduct of Defendants, Plaintiff sustained serious, severe and permanently disabling injuries, including but not limited to:  traumatic brain injury and concussion; right knee injury requiring surgical repair; cervical and lumbar injuries; nerve damage; he has undergone numerous x-rays and MRIs; he has undergone extensive therapy; he has been prescribed various medications; he has sustained emotional, psychological and psychiatric injuries; he has sustained other psychological, psychiatric, orthopedic and neurological injuries, the full extent of which have yet to be determined; he has in the past required and will in the future continue to require surgeries, medicines, medical care and treatment; he has in the past been and may in the future continue to incur expenses for medical care and treatment; he has in the past suffered and will in the future continue to suffer agonizing aches, pain and mental anguish; he sustained a loss of earnings and a loss of earning capacity; he sustained loss of enjoyment of life and loss of life's pleasure; he has in the past and may in the future continue to be totally disabled from performing his usual duties and occupations all to his loss and detriment.

Case ID: 140603019

## COUNT I – NEGLIGENCE

## WILLIAM DINDER  v. STEWART INDUSTRIES, LLC

21.     Plaintiff incorporates all preceding paragraphs herein.

22.     At all relevant times herein and material hereto, Defendant Stewart undertook the supervision of the work which was being undertaken at the Project, and in connection therewith established plans, recommendations, designs, inspection and safety procedures and specifications for the performance of said construction work.

23.     Defendant Stewart, having undertaken the inspection and supervision of the Project, owed a duty to those persons engaged in the performance of said construction work, including plaintiff, a business invitee, to provide a reasonably safe environment, free from unreasonable and dangerous hazards, within which to perform the construction work.

24.     Defendant Stewart knew or should have known that allowing A frames to be used when they were improperly placed, set, and/or secured would cause injuries at construction sites; as such, Defendant failed to enact or implement proper specifications or specific measures to prevent improper ladder placement which would create a dangerous condition thereby risking injury to workers at the Project.

25.     Defendant Stewart, by and through its agents, servants, workmen and/or employees were careless and negligent in:

    a.     failing to provide plaintiff, a business invitee, with a safe place in which to work;

    b.     failing to adequately inspect the Project for hazardous conditions;

    c.     failing to adequately plan, plot and supervise the construction work;

    d.     violating applicable OSHA regulations including but not limited to 29 CFR 1910 and 29 CFR 1926;

Case ID: 140603019

e.   breaching its duties under the Restatement of the Law of Torts (Second) including but not limited to 343, 343A, 364, 365, 411, 412, 413, 414A and 415;

f.   failing to properly train and supervise its own employees and contractors employees;

g.   failing to hire competent employees, safety inspectors, contractors and subcontractors;

h.   failing to warn plaintiff, a business invitee, of the peculiar, dangerous and unsafe conditions then and there existing upon the construction site premises;

i.   failing to adopt, enact, employ and enforce proper and adequate safety equipment, programs, precautions, procedures, measures and plans;

j.   failing to perform and furnish services in conformity with the standard of care then and there prevailing in the industry at the time said services were performed and furnished;

k.   performing and furnishing services in a wholly inadequate and negligent manner;

l.   failing to properly supervise the work;

m.   failing to perform a Safety Task Analysis;

n.   failing to require and enforce a requirement that workers sign off on site specific safety rules;

o.   failing to properly inspect ladders to ensure they were properly set, placed, and secured;

p.   failing to properly inspect ladders to ensure the correct type of ladder was used;

q.   failing to properly inspect ladders to ensure the correct type of securing devices were used;

r.   failing to properly inspect ladders to ensure the securing devices did not pose a hazard to workers ascending and descending the ladder;

s.   failing to coordinate with other entities on the premises; and

t.   failing to alert plaintiff that the ladder and its securement devices created a hazard.

Case ID: 140603019

26.     Defendant's actions and/or in-actions were substantial factors and/or factual causes and/or increased the risk of harm to plaintiff.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit.

## COUNT II – NEGLIGENCE

### WILLIAM DINDER  v. NESTLÉ PURINA PETCARE COMPANY

27.     Plaintiff incorporates all preceding paragraphs herein.

28.     At all relevant times herein and material hereto, Defendant Nestle undertook the supervision of the work which was being undertaken at the Project, and in connection therewith established plans, recommendations, designs, inspection and safety procedures and specifications for the performance of said construction work.

29.     Defendant Nestle, having undertaken the inspection and supervision of the Project, owed a duty to those persons engaged in the performance of said construction work, including plaintiff, a business invitee, to provide a reasonably safe environment, free from unreasonable and dangerous hazards, within which to perform the construction work.

30.     Defendant Nestle knew or should have known that allowing A frames to be used when they were improperly placed, set, and/or secured would cause injuries at construction sites; as such, Defendant failed to enact or implement proper specifications or specific measures to prevent improper ladder placement which would create a dangerous condition thereby risking injury to workers at the Project.

Case ID: 140603019

31.   Defendant Nestle, by and through its agents, servants, workmen and/or employees were careless and negligent in:

    a.    failing to provide plaintiff, a business invitee, with a safe place in which to work;

    b.    failing to adequately inspect the Project for hazardous conditions;

    c.    failing to adequately plan, plot and supervise the construction work;

    d.    violating applicable OSHA regulations including but not limited to 29 CFR 1910 and 29 CFR 1926;

    e.    breaching its duties under the Restatement of the Law of Torts (Second) including but not limited to 343, 343A, 364, 365, 411, 412, 413, 414A and 415;

    f.    failing to properly train and supervise its own employees and contractors employees;

    g.    failing to hire competent employees, safety inspectors, contractors and subcontractors;

    h.    failing to warn plaintiff, a business invitee, of the peculiar, dangerous and unsafe conditions then and there existing upon the construction site premises;

    i.    failing to adopt, enact, employ and enforce proper and adequate safety equipment, programs, precautions, procedures, measures and plans;

    j.    failing to perform and furnish services in conformity with the standard of care then and there prevailing in the industry at the time said services were performed and furnished;

    k.    performing and furnishing services in a wholly inadequate and negligent manner;

    l.    failing to properly supervise the work;

    m.    failing to perform a Safety Task Analysis;

    n.    failing to require and enforce a requirement that workers sign off on site specific safety rules;

    o.    failing to properly inspect ladders to ensure they were properly set, placed, and secured;

-8-

p.   failing to properly inspect ladders to ensure the correct type of ladder was used;

q.   failing to properly inspect ladders to ensure the correct type of securing devices were used;

r.   failing to properly inspect ladders to ensure the securing devices did not pose a hazard to workers ascending and descending the ladder;

s.   failing to coordinate with other entities on the premises; and

t.   failing to alert plaintiff that the ladder and its securement devices created a hazard.

32.   Defendant's actions and/or in-actions were substantial factors and/or factual causes and/or increased the risk of harm to plaintiff.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit.

## COUNT III – NEGLIGENCE

## WILLIAM DINDER v. JOHN BEAN TECHNOLOGIES CORPORATION

33.   Plaintiff incorporates all preceding paragraphs herein.

34.   At all relevant times herein and material hereto, Defendant JBT undertook the supervision of the work which was being undertaken at the Project, and in connection therewith established plans, recommendations, designs, inspection and safety procedures and specifications for the performance of said construction work.

35.   Defendant JBT, having undertaken the inspection and supervision of the Project, owed a duty to those persons engaged in the performance of said construction work, including plaintiff, a business invitee, to provide a reasonably safe environment, free from unreasonable and dangerous hazards, within which to perform the construction work.

Case ID: 140603019

36.   Defendant JBT knew or should have known that allowing A frames to be used when they were improperly placed, set, and/or secured would cause injuries at construction sites; as such, Defendant failed to enact or implement proper specifications or specific measures to prevent improper ladder placement which would create a dangerous condition thereby risking injury to workers at the Project.

37.   Defendant JBT, by and through its agents, servants, workmen and/or employees was careless and negligent in:

a.   failing to provide plaintiff, a business invitee, with a safe place in which to work;

b.   failing to adequately inspect the Project for hazardous conditions;

c.   failing to adequately plan, plot and supervise the construction work;

d.   violating applicable OSHA regulations including but not limited to 29 CFR 1910 and 29 CFR 1926;

e.   breaching its duties under the Restatement of the Law of Torts (Second) including but not limited to 343, 343A, 364, 365, 411, 412, 413, 414A and 415;

f.   failing to properly train and supervise its own employees and contractors employees;

g.   failing to hire competent employees, safety inspectors, contractors and subcontractors;

h.   failing to warn plaintiff, a business invitee, of the peculiar, dangerous and unsafe conditions then and there existing upon the construction site premises;

i.   failing to adopt, enact, employ and enforce proper and adequate safety equipment, programs, precautions, procedures, measures and plans;

j.   failing to perform and furnish services in conformity with the standard of care then and there prevailing in the industry at the time said services were performed and furnished;

k.   performing and furnishing services in a wholly inadequate and negligent manner;

l.   failing to properly supervise the work;

-10-                                                    Case ID: 140603019

| | |
|---|---|
| m. | failing to perform a Safety Task Analysis; |
| n. | failing to require and enforce a requirement that workers sign off on site specific safety rules; |
| o. | failing to properly inspect ladders to ensure they were properly set, placed, and secured; |
| p. | failing to properly inspect ladders to ensure the correct type of ladder was used; |
| q. | failing to properly inspect ladders to ensure the correct type of securing devices were used; |
| r. | failing to properly inspect ladders to ensure the securing devices did not pose a hazard to workers ascending and descending the ladder; |
| s. | failing to coordinate with other entities on the premises; and |
| t. | failing to alert plaintiff that the ladder and its securement devices created a hazard. |

38.     Defendant's actions and/or in-actions were substantial factors and/or factual causes and/or increased the risk of harm to plaintiff.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit.

### COUNT VIII- LOSS OF CONSORTIUM
### KRISTEN DINDER V. ALL DEFENDANTS

39.     All preceding paragraphs of this Complaint are incorporated here.

40.     Kristen Dinder is married to William Dinder, and resides with him in the address listed above.

41.     Solely as a result of Defendants' conduct, Mrs. Dinder has suffered the following damages:

| | |
|---|---|
| a. | She has been and will be required to expend large sums of money for her husband's surgical and medical care, hospitalization, medical supplies, surgical appliances, medicines, and attendant services. |

-11-

Case ID: 140603019

    b.       She has been and will in the future be deprived of the services, assistance, and companionship of her husband.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit.

              SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY:    */s/ Larry* Bendesky
          LARRY BENDESKY
          ADAM J. PANTANO
          ROBERT W. ZIMMERMAN
          *Attorneys for Plaintiffs*

Case ID: 140603019

## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of the 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

WILLIAM DINDER

Case ID: 140603019

## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of the 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

_Kristin Dinder_
KRISTEN DINDER

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM DINDER and<br>KRISTEN DINDER, h/w<br>    Plaintiffs | : CIVIL ACTION - LAW<br>:<br>:<br>: |
| v. | :<br>: |
| STEWART INDUSTRIES, LLC and<br>NESTLE PURINA PETCARE COMPANY,<br>d/b/a and/or NESTLE FOOD COMPANY<br>and JOHN BEAN TECHNOLOGIES<br>CORPORATION | :<br>: NO.<br>:<br>:<br>: |
| Defendants | : <u>JURY TRIAL DEMANDED</u> |

## <u>CONSENT TO REMOVAL</u>

1.     Nestle Purina PetCare Company d/b/a and/or Nestle Food Company ("Nestle")

has been named as a defendant in the action entitled *William Dinder and Kirsten Dinder, h/w v.*

*Nestle Purina PetCare Company d/b/a and/or Nestle Food Company, et al*, now pending in the

Philadelphia County Court of Common Pleas State Court, No. 03019, June 2014 Term.

2.     Nestle was first served with a copy of the Complaint on July 8, 2014.

3.     Nestle hereby consents to and joins in the removal of this action to the United

States District Court for the Eastern District of Pennsylvania.

        **MARSHALL DENNEHEY WARNER
        COLEMAN & GOGGIN**


        By: _____
                Thomas P. Wagner, Esquire
                Robert W. Stanko, Esquire
                2000 Market Street
                Philadelphia, PA 19103
                215-575-2600
                Attorneys for Defendant,
                Nestle Purina PetCare Company d/b/a
                and/or Nestle Food Company

DATE: <u>July 23, 2014</u>

Civil Docket Report

 **The Philadelphia Courts Civil Docket Access**

 No Items in Cart **LOGIN**

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 140603019 |
| **Case Caption:** | DINDER ETAL VS STEWART INDUSTRIES, LLC ETAL |
| **Filing Date:** | Friday , June 20th, 2014 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PERSONAL INJURY - OTHER |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | BENDESKY, LARRY E |
| **Address:** ONE LIBERTY PLACE 1650 MARKET STREET 52ND FLOOR PHILADELPHIA PA 19103 (215)575-2952 | | **Aliases:** *none* | | |
| 2 | 1 | | PLAINTIFF | DINDER, WILLIAM |
| **Address:** 4208 CREEK ROAD | | **Aliases:** *none* | | |

| | | | | |
|---|---|---|---|---|
| | ALLENTOWN PA 18104 | | | |
| 3 | 1 | | PLAINTIFF | DINDER, KRISTEN |
| **Address:** | 4208 CREEK ROAD ALLENTOWN PA 18104 | **Aliases:** | *none* | |
| 4 | | | DEFENDANT | STEWART INDUSTRIES, LLC |
| **Address:** | 150 MCQUISTON DRIVE BATTLE CREEK MI 49037 | **Aliases:** | *none* | |
| 5 | | | DEFENDANT | NESTLE PURINA PETCARE COMPANY |
| **Address:** | 2050 POPE ROAD ALLENTOWN PA 18104 | **Aliases:** | NESTLE FOOD COMPANY | |
| 6 | | | DEFENDANT | JOHN BEAN TECHNOLOGIES CORPORATION |
| **Address:** | 70 WEST MADISON STREET SUITE 4400 CHICAGO IL 60602 | **Aliases:** | *none* | |
| 7 | | | TEAM LEADER | RAU, LISA M |
| **Address:** | ROOM 593 CITY HALL PHILADELPHIA PA 19107 (215)686-3768 | **Aliases:** | *none* | |
| 8 | 1 | | ATTORNEY FOR PLAINTIFF | PANTANO, ADAM J |

Civil Docket Report

| Address: | SALTZ, MONGELUZZI, BARRETT & B 1650 MARKET ST, 52ND FL ONE LIBERTY PLACE PHILAELPHIA PA 19103 (215)575-2954 | Aliases: | none | |
|---|---|---|---|---|

| 9 | 1 | | ATTORNEY FOR PLAINTIFF | ZIMMERMAN, ROBERT W |
|---|---|---|---|---|
| Address: | ONE LIBERTY PLACE, 52ND FLOOR 1650 MARKET STREET PHILADELPHIA PA 19103 (215)496-8282 | Aliases: | none | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 20-JUN-2014 03:37 PM | ACTIVE CASE | | | 20-JUN-2014 03:48 PM |
| Docket Entry: | E-Filing Number: 1406041003 | | | |
| | | | | |
| 20-JUN-2014 03:37 PM | COMMENCEMENT CIVIL ACTION JURY | BENDESKY, LARRY E | | 20-JUN-2014 03:48 PM |
| Documents: | ♣ Click link(s) to preview/purchase the documents Final Cover | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | none. | | | |
| | | | | |
| 20-JUN-2014 03:37 PM | COMPLAINT FILED NOTICE GIVEN | BENDESKY, LARRY E | | 20-JUN-2014 03:48 PM |

| Documents: | ⚲ Click link(s) to preview/purchase the documents<br>Complaint.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
|---|---|---|---|---|
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 20-JUN-2014 03:37 PM | SHERIFF'S SURCHARGE 3 DEFTS | BENDESKY, LARRY E | | 20-JUN-2014 03:48 PM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 20-JUN-2014 03:37 PM | JURY TRIAL PERFECTED | BENDESKY, LARRY E | | 20-JUN-2014 03:48 PM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 20-JUN-2014 03:37 PM | WAITING TO LIST CASE MGMT CONF | BENDESKY, LARRY E | | 20-JUN-2014 03:48 PM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 02-JUL-2014 09:22 AM | ENTRY OF APPEARANCE-CO COUNSEL | PANTANO, ADAM J | | 02-JUL-2014 11:41 AM |
| Documents: | ⚲ Click link(s) to preview/purchase the documents<br>Entry of Appearance - AJP and RWZ.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF ADAM J PANTANO AND ROBERT W ZIMMERMAN AS CO-COUNSEL FILED. (FILED ON BEHALF OF KRISTEN DINDER AND WILLIAM DINDER) | | | |
| | | | | |
| 02-JUL-2014 09:52 AM | AFFIDAVIT OF SERVICE FILED | PANTANO, ADAM J | | 02-JUL-2014 01:18 PM |
| Documents: | ⚲ Click link(s) to preview/purchase the documents<br>Certificate of Service - John Bean.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON JOHN BEAN TECHNOLOGIES CORPORATION BY CERTIFIED MAIL,FIRST | | | |

| Entry: | CLASS REGULAR MAIL ON 06/27/2014 FILED. (FILED ON BEHALF OF KRISTEN DINDER AND WILLIAM DINDER) |
|---|---|

| 15-JUL-2014 04:00 PM | SHERIFF'S SERVICE | PANTANO, ADAM J | | 16-JUL-2014 09:39 AM |
|---|---|---|---|---|
| **Documents:** | ↗ Click link(s) to preview/purchase the documents<br>Sheriff Return of Service - Nestle Purina.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON NESTLE PURINA PETCARE COMPANY BY SHERIFF OF LEHIGH COUNTY ON 07/08/2014. (FILED ON BEHALF OF KRISTEN DINDER AND WILLIAM DINDER) | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Search Home

**EXHIBIT 3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM DINDER and KRISTEN DINDER,

        Plaintiffs,

     v.                  No.

STEWART INDUSTRIES, LLC, NESTLÉ
PURINA PETCARE COMPANY d/b/a and/or
NESTLÉ FOOD COMPANY, and JOHN
BEAN TECHNOLOGIES CORPORATION,

        Defendant.

### CONSENT TO REMOVAL

1.    Stewart Industrial Maintenance, LLC, incorrectly named as Stewart Industries, LLC, was incorrectly named as a defendant in the action entitled *William Dinder and Kristen Dinder, h/w v. Nestle Purina PetCare Company d/b/a and/or Nestle Food Company, et al.*, currently pending in the Philadelphia County Court of Common Pleas under Case No. 03019, June 2014 Term.

2.    On information and belief, Plaintiffs mistakenly named Stewart Industries, LLC, a separate and unrelated entity, when they intended to name Stewart Industrial Maintenance, LLC.

3.    Stewart Industrial Maintenance, LLC was served with a copy of the Complaint on or July 7, 2014.

4.    Stewart Industrial Maintenance, LLC consents to and joins in the removal of this action to the United States District Court for the Eastern District of Pennsylvania.

5.    By consenting to the removal of this matter to federal court, Stewart Industrial Maintenance LLC does not waive and expressly reserves all rights, claims, and/or defenses.

                         COHEN, SEGLIAS, PALLAS,
                              GREENHALL & FURMAN, P.C.

              BY:     /s/ Jonathan Cass
                              JONATHAN A. CASS, ESQUIRE
                              Attorneys for Defendant,
                              Stewart Industrial Maintenance, LLC
                              (incorrectly identified as "Stewart Industries, LLC")

                              Identification Nos. 76159

                              United Plaza, 19th Floor
                              30 South 17th Street
                              Philadelphia, PA 19103
                              Telephone: 215-564-1700
                              Facsimile: 215-564-3066
                              jcass@cohenseglias.com

Dated: July 24, 2014

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

WILLIAM DINDER and KRISTEN DINDER,

        Plaintiffs,

        v.

STEWART INDUSTRIES, LLC, NESTLÉ
PURINA PETCARE COMPANY d/b/a and/or
NESTLÉ FOOD COMPANY, and JOHN
BEAN TECHNOLOGIES CORPORATION,

        Defendant.

No.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of

Removal was caused to be sent by first class mail, postage prepaid by the undersigned on the

date stated below, to the addressees stated below:

Larry Bendesky, Esquire
Adam J. Pantano, Esquire
Robert W. Zimmerman, Esquire
Saltz Mongeluzzi Barrett & Bendesky, PC
1650 Market Street, 52nd Floor
Philadelphia PA 19103
*Attorneys for Plaintiffs*

Jonathan A. Cass, Esquire
Cohen Seglias Pallas Greenhall & Furman, PC
United Plaza, 19th Floor
30 South 17th Street
Philadelphia PA 19103
*Attorneys for Stewart Industrial Maintenance, LLC*

Thomas P. Wagner, Esquire
Marshall Dennehey Warner Coleman & Goggin
200 Market Street
Philadelphia PA 19103
*Attorneys for Defendant Nestle Purina Pet Care Company*
*d/b/a and/or Nestle Food Company*

KAPLIN STEWART MELOFF REITER & STEIN, PC

JOSHUA C. QUINTER, ESQUIRE
Attorneys for Defendant
John Bean Technologies Corporation

910 Harvest Drive
PO Box 3037
Blue Bell PA 19422
610-941-2521 Telephone
610-684-2024 Facsimile
jquinter@kaplaw.com
Attorney ID No. 87583

Dated:  July 25, 2014